Filed 10/5/21  P. v. Bludworth CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>TIMOTHY LEE BLUDWORTH,<br><br>Defendant and Appellant. | C091249<br><br>(Super. Ct. No. STKCRCNV19980016792) |

Defendant Timothy Lee Bludworth appeals from a postjudgment order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant argues the superior court erred by declining to issue an order to show cause because the court looked beyond his declaration to the jury's felony-murder special circumstance finding in determining that he did not meet the prima facie requirements of section 1170.95.  In a

---

[1]     Undesignated statutory references are to the Penal Code.

1

related argument, defendant contends the superior court erred by determining he was ineligible for resentencing as a matter of law based on the jury's special circumstance finding. Finally, he argues that if we deem either of these claims forfeited, he received ineffective assistance of counsel.

Because defendant's first two arguments are related, we address them together. We need not reach defendant's ineffective assistance argument because we address his substantive claims on the merits. We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A jury found defendant guilty of the first degree murder (§§ 187, 189) and robbery (§ 211) of the victim. (*People v. Bludworth* (Oct. 31, 2001, C032613) [nonpub. opn.] (*Bludworth*).) As to the murder count, the jury found true the special circumstance allegation that the murder was committed during the commission or attempted commission of robbery. (§ 190.2, subd. (a)(17)(A).) The jury also found true the allegation that a principal was armed with a firearm in the commission of the felonies. (§ 12022, subd. (a).) Following a direct appeal, this court affirmed the judgment in October 2001. (*Bludworth,* C032613.)

On January 17, 2019, defendant filed a petition in the superior court to vacate his first degree murder conviction under section 1170.95. The declaration attached to his petition provided he was charged with "first degree murder, armed with a firearm." Further, the petition asserted a "complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine." Defendant also declared that "[a]t trial, [he] was convicted of 1st or 2nd degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine." He declared that following the amendments made to sections 188 and 189, he could not now be convicted of first degree murder. He declared he was not the actual killer and he "did not, with intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the

2

commission of murder in the first degree." He declared he was not "a major participant in the felony or [] did not act with reckless indifference to human life during the course of the crime of felony." Finally, he declared that "[t]he victim of the murder was not a peace officer in the performance of his or her duties, or [he] was not aware that the victim was a peace officer in the performance of his or her duties." In an ex parte order, the superior court appointed counsel.

The district attorney filed a responsive pleading. Defense counsel did not file a reply. Following a hearing on the petition, the superior court denied defendant relief on the ground he had not made a prima facie showing of eligibility. The court reasoned as follows. "[Defendant] was convicted of first-degree murder. [¶] The People went forward on two theories: One being premeditation, the other felony murder aiding and abetting. [¶] The jury convicted [defendant]. They also found true the special circumstance pursuant to 190.2[, subdivision] (a)(17)(A) that found that [defendant] was either one, the actual killer; two, with the intent to kill, aided, abetted, counseled, commanded, induced and solicited, requested or assisted the actual killer in the commission of the murder in the first degree; or three, was a major participant in robbery and acted with reckless indifference to human life as described in [] section 190.2[, subdivision] (d)."

As the superior court observed, we affirmed the conviction, special circumstance finding, and sentence in an unpublished opinion in 2001. In *Bludworth*, defendant challenged the special circumstance finding, claiming that the jury instructions were erroneous. (*Bludworth, supra*, C032613.) We disagreed and affirmed the judgment. (*Ibid.*) On this basis, the superior court concluded that there was no prima facie evidence to support defendant's petition.

Defendant filed a timely notice of appeal.

3

# DISCUSSION

## I

### *Applicable Law*

Senate Bill No. 1437 (2017-2018 Reg. Sess.), effective January 1, 2019, revised the felony-murder rule in California "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill amended the definition of malice in section 188, revised the definition of the degrees of murder to address felony-murder liability in section 189, and added section 1170.95, "which provides a procedure by which those convicted of murder can seek retroactive relief if the changes in the law would affect their previously sustained convictions." (*People v. Gutierrez-Salazar* (2019) 38 Cal.App.5th 411, 417, citing Stats. 2018, ch. 1015, §§ 2-4.)

Section 1170.95, subdivision (a) states that a person convicted of felony murder or murder under a natural and probable consequences theory may file a petition with the court for resentencing "when all of the following conditions apply:  [¶]  (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine.  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder.  [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019."

Subdivision (b) requires the petitioner to submit a declaration that avers eligibility for relief under the statute (based on the requirements of subdivision (a)) and states the superior court case number, the year of conviction, and whether petitioner requests appointment of counsel. (§ 1170.95, subd. (b).) Section 1170.95, subdivision (c), which

4

dictates how the court must handle the petition, reads: "The court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. These deadlines shall be extended for good cause. If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause."

Section 1170.95, subdivision (d) provides that a hearing to determine whether to vacate the murder conviction, recall the sentence, and resentence the petitioner as needed should be held within 60 days after the order to show cause; and the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is ineligible for resentencing. At the hearing, "[t]he prosecutor and the petitioner may rely on the record of conviction or offer new or additional evidence to meet their respective burdens." (*Id.*, subd. (d)(3).)

II

*Defendant Is Not Entitled to Relief as a Matter of Law*

Defendant contends the court erred by considering the jury's felony-murder special circumstance finding when determining whether he pleaded a prima facie case under section 1170.95, subdivision (c). According to petitioner, the court should have found defendant's declaration that he met the requirements of section 1170.95 was sufficient to issue an order to show cause, and the court thus denied him due process of law.

Our Supreme Court recently held that it is proper for a trial court to consider the record of conviction in determining whether the petitioner has made a prima facie showing that he or she falls within the provisions of section 1170.95 in *People v. Lewis* (2021) 11 Cal.5th 5th 952, 970-971 (*Lewis*). The Supreme Court reasoned: "The record

5

of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless. This is consistent with the statute's overall purpose: to ensure that murder culpability is commensurate with a person's actions, while also ensuring that clearly meritless petitions can be efficiently addressed as part of a single-step prima facie review process. [Citation.]" (*Lewis*, at p. 971.) Following *Lewis*, we conclude that the trial court properly considered the record of conviction, including instructions to the jury and the jury's verdicts, in concluding that defendant failed to make a prima facie showing.

Indeed, as is the case here, it does not matter whether the court reviewed petitioner's record of conviction because petitioner was ineligible for resentencing under section 1170.95 as a matter of law. As noted, the jury found true a felony-murder special circumstance allegation—that the murder was committed during a robbery. (§ 190.2, subd. (a)(17)(A).) Thus, even if the court issued an order to show cause and an evidentiary hearing was held at which the court could consider the record of conviction and defendant could introduce evidence, the court was still bound by the jury's felony-murder special circumstance finding precluding petitioner from relief.

"The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a

6

matter of law to have his murder conviction vacated." (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, rev. granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, rev. granted Jan. 27, 2021, S265854; *People v. Gomez* (2020) 52 Cal.App.5th 1, rev. granted Oct. 14, 2020, S264033; *People v. Murillo* (2020) 54 Cal.App.5th 160, rev. granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, rev. granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, rev. granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, rev. granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, rev. granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, rev. granted Apr. 28, 2021, S267802.) We, however, find the *Galvan* line of cases more persuasive.

Defendant has had opportunity since the affirmance on direct appeal to attempt to challenge the robbery-murder special circumstance in a habeas corpus proceeding, under *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522, but he did not present any documentary evidence to the court to show that he has done so and obtained relief from the robbery-murder special circumstance finding. If he wishes to challenge the sufficiency of the evidence supporting the felony-murder special circumstance finding, his remedy is to pursue extraordinary relief by way of habeas corpus. As our Supreme Court recently explained, *Banks* and *Clark* merely clarified the law. (*In re Scoggins* (2020) 9 Cal.5th 667, 674.) Where a decision does not announce a new rule of law but merely "clarifies the kind of conduct proscribed by a statute, a defendant whose conviction became final before that decision 'is entitled to post-conviction relief upon a showing that his [or her] conduct was not prohibited by the statute' as construed in the decision. [Citation.] 'In such circumstances, it is settled that

7

finality for purposes of appeal is no bar to relief, and that habeas corpus or other appropriate extraordinary remedy will lie to rectify the error.' " (*Id*. at pp. 673-674.)

## DISPOSITION

The order denying the petition is affirmed.

_____/s/_____
BLEASE, Acting P. J.

We concur:

_____/s/_____
HULL, J.

_____/s/_____
DUARTE, J.